ADDISON,
*January*
1834.

WOODBRIDGE *vs.* PROPRIETORS OF ADDISON.

Proprietors of common and undivided land cannot vote to commence suits, or appoint an agent to commence and prosecute suits, unless at a meeting legally warned for that purpose.

A vote of proprietors to commence such suits, and appoint an agent, if made at a meeting not legally warned, may be so far ratified by their acquiescence as to be binding on them as a corporation.

The court will sometimes reverse the judgment of the county court accepting the report of auditors, for the purpose of obtaining further facts, where it is apparent that injustice has been done, or that all the facts were not in evidence, which would have a material bearing on the rights of the parties.

This was an action on book account sent to auditors at the June term of the county court, A. D. 1833, whose report of facts, as far as they are important to be here stated, was as follows:

"The plaintiff presented his account against the defendants and proved the services performed and the monies paid as there charged. The defendants then objected to the allowance of any of the plaintiff's accounts, on the ground that they have never employed the plaintiff to render the services or pay the monies charged in said account. The plaintiff then proved that a meeting of the proprietors and owners of the undivided land in Addison, in the county of Addison, and of the proprietors and owners of the undivided lands in the Eight Thousand Acres, so called, in said town, was warned and holden in said Addison on the 20th day of February, A. D. 1822, for the purpose—1st. To choose a moderator to govern said meeting. 2nd. To choose a proprietors' clerk. 3d. To see whether said proprietors and land owners will make a division of the undivided lands in said town, and in the Eight Thousand Acres, by pitching the same or by allotments. 4th. To transact any other business found necessary when met. That said meeting of the proprietors was adjourned from time to time until the sixth day of March, 1826; that at such adjourned meeting on the said sixth day of March, it was voted to prosecute all persons who had or should trespass on any of the undivided land in Addison, and that Friend Adams be an agent for said proprietors and owners, to carry such vote into effect. The plaintiff then proved that he was employed by the said Friend Adams, acting as the agent of the defendants under such appointment, to perform the services and pay the monies for which he has charged in his account. In answer, the defend-

ants contended that the statute of 1787, regulating proprietors' meetings, requires that the warrant of the justice calling such meeting shall set forth the "several matters and things to be transacted at such meeting, and the reason for calling said meeting. And the auditors decided that as we find that no notice was inserted in the warning, and that the proprietors and owners were not notified that the appointment of an agent to prosecute trespasses on said undivided lands was a part of the business to be transacted at the meeting of said proprietors and owners, the appointment of such agent was illegal and void, and did not confer upon said Adams the power of employing the plaintiff to render the services and pay the monies for which he has charged. The auditors disallow the entire account of the plaintiff, and find for the defendants to recover their cost."

<div style="float:right;text-align:center;">Addison,<br>January,<br>1834.<br><hr>Woodbridge<br>vs.<br>Proprietors of<br>Addison.</div>

Upon exceptions taken to this report by the plaintiff at the county court, the court confirmed the same. To this decision the plaintiff made exception, which was allowed and certified, and the cause now comes before this court for further adjudication.

*Woodbridge and Son for plaintiff.*—The question in this case is, whether the proprietors of common and undivided lands can, at a meeting legally warned and holden, appoint an agent with power to employ an attorney to prosecute suits for said proprietors, said power not having been specifically designated in the warning contained in the newspapers. The plaintiff in this case contends that this power is incident to all corporations; that although by statute it may be made necessary to designate the general objects of the meeting, yet the appointment of an agent to protect the corporate property is not necessary in any case. It will be perceived that by the common law that power is fully given to all corporations. It will also be seen that by the several statutes passed by our legislature in relation to the rights and liabilities of corporations, this subject is not touched upon and no direct mode pointed out, but merely the general objects for which the meeting is to be called. It would seem to be superfluous for a corporation to say in these advertisements, "we will protect our corporate rights," when the meeting is obviously called for that purpose. The first act passed on this subject was in February, 1777, entitled, "an act for enabling communities to maintain, recover and defend their common rights, estates and interests." See Slade's State Pa-

ADDISON,
January,
1834.

Woodbridge
vs.
Proprietors of
Addison.

pers, p. 293. The second act was passed February 27, 1787. See Statutes of Vermont, Hough and Spooner's edition, p. 30. Another act regulating proprietors' meetings was passed March 7, 1787. Vt. Stat. p. 67. The several duties of proprietors are pointed out, as also the other acts connected with the same. It will be observed from the acts above mentioned that there is no distinct provision made for the appointment of agents or attornies, and only the general objects of the meeting are to be mentioned in the warning. It will be further observed that these provisions have been fully complied with by the proprietors of Addison in their warning, except the simple fact of mentioning that they will appoint an agent to protect their property. It will also be seen that the warning contains a power for the proprietors to transact any business found necessary when met.

*P. C. Tucker for Defendants.*—The defendants contend that, in proprietors meetings, no other business can be acted upon but such as is fully stated in the warning for said meeting, and that inasmuch as the appointment of an agent was not stated in the warning of the meeting at which said Friend Adams was appointed, that the appointment of said Adams was void, and that his acts are not binding upon said proprietors. Stat. 1797, 1st sec. p. 670–chap. 100.

The opinion of the court was pronounced by

WILLIAMS, C. J.—We think the auditors decided correctly in this case on the naked question of law on which their report was founded. Proprietors of common and undivided lands are made a corporation for particular and limited purposes, the statute making them such must regulate their proceedings, or at least they cannot act in contravention of this statute. These meetings must be warned in the manner directed.—The subjects to be acted on must be notified in the warning and published as directed, and those proprietors who do not feel any interest in the subjects to be acted on, will neglect to attend. The commencement of suits for trespasses on their common land and the appointment of an agent to prosecute those suits which might involve the proprietors in a great expense, and subject them to the payment of large sums of money, are subjects which the proprietors could not act on, unless at a meeting warned for that purpose. The appointment of the agent therefore, who employed Mr. Woodbridge, not being

made at a meeting duly warned for that purpose, was unauthorized.

ADDISON,
January,
1834.

Woodbridge
vs.
Proprietors of
Addison.

But it appears from his account that a number of suits were commenced; that they were pending a long time, and it is urged that judgments have been rendered for these proprietors in suits instituted by direction of the agent, and that they must be considered as acquiescing in the doings of the agent. It is true that many votes of proprietors which were not legal when passed may become so by the acquiescence of the proprietors in the vote. Thus a division made by vote of proprietors, though not made in pursuance of the statute, a vote laying out a public square, as was done by the proprietors of Burlington, may become valid by the subsequent assent of the proprietors, testified by their conduct, as much so as if legally made in the first instance.

In this case, if the proprietors have acquiesced in the doings of the agent, have reaped the benefit accruing from the suits he has brought, knew that these suits were prosecuted for their common benefit, and took no measures to testify their dissent to his proceedings, they may so far have ratified his doings that they will be as binding upon the proprietors as though he was lawfully appointed.

There are not, however, sufficient facts found by the auditors so that we can legally infer their acquiescence; and yet there are enough to induce us to believe, that sufficient do exist to justify this inference. We have sometimes in the action on book situated like the present, where it is apparent that all the facts are not found so that we should do injustice by accepting the report, been induced to reverse the judgment with a view of obtaining a further report; and we think this is a case requiring us so to do. The judgment of the county court will therefore be reversed, and the cause recommitted to the same auditors to report further on the following particulars:

1st. Who are the proprietors? 2d. Where do they reside? 3d. How many actions were brought by the agent? 4th. What were the extent and nature of the trespasses sued for? 5th. What trials were had in the action? 6th. What was the result of the actions brought, and what disposition has been made of the avails? 7th. Have any other measures been taken by the proprietors to sue for the same trespasses? 8th. Any other fact tending to show an acquiesence of the proprietors in the proceedings of the agent or a ratification thereof.