THE SOUTH GEORGIA AND FLORIDA RAILROAD COMPANY, plaintiff in error, *vs.* DAVID AYRES, defendant in error.

1. Affidavit, substantially in terms of the rule of court, in reference to the loss or destruction of a deed or other instrument between the parties, is proper as preliminary to admitting a copy in evidence.

2. In a suit by a corporation to collect capital stock subscribed, evidence of the value of that or any other stock is irrelevant. And it is not necessary to show that a certificate of stock, or other evidence of ownership, has been tendered to the subscriber, or that the corporation has received the amount of stock authorized by the charter, or (in the absence of a plea in abatement) that the corporation has been organized and is still alive.

3. If a corporation, chartered to construct and carry on the business of a railroad, sells the road without authority of law to another company, it cannot collect unpaid subscriptions of stock from subscribers who did not consent to the sale.

4. When stock is, by contract, payable in installments as called for by the board of directors, the calls should be clearly proved, and the recovery should be limited to the aggregate amount of the several calls not met by payment.

5. Exceptions entered *pendente lite* will not be acted upon in the supreme court while the case is pending below, especially where the excepting party fails to assign errors thereon as required by the Code, section 4250.

The South Georgia and Florida Railroad Company *vs.* Ayres.

Evidence. Practice in the Superior Court. Corporations. Stock. Practice in the Supreme Court. Before Judge WRIGHT. Mitchell Superior Court. May Term, 1875.

Reported in the opinion.

WARREN & HOBBS; J. H. SPENCE, for plaintiff in error.

P. J. STROZER; D. H. POPE; H. MORGAN, for defendant.

BLECKLEY, Judge.

Plaintiff recovered, and the court granted a new trial. The action was brought in the short statutory form to. recover a balance of the defendant's subscription to the capital stock of the South Georgia and Florida Railroad Company. The declaration was originally in the name of certain persons, describing themselves as president and directors, doing railroad business under the name, firm and style of the "South Georgia and Florida Railroad Company." It alleged that the defendant was indebted to them in the sum of $500 00 on a subscription, and referred to a copy annexed, but there was no copy annexed, only a bill of particulars. The bill of particulars debited the defendant with six shares of stock ($600 00,) and credited him by two installments of $50 00 each. Pending the case, at May term, 1873, an amendment was made adding four persons to those named as directors, and stating the company to be an incorporated company of this state, having the right to sue and be sued in the corporate name set forth in the original declaration. The amendment also set out a new bill of particulars, less in amount by $40 00 than the former, and divided into ten installments— two of $50 00 paid; two more of $50 00 unpaid, and six of $60 00 unpaid. It alleged that the defendant's indebtedness was by contract of subscription for six shares of the corporate stock, payable in three installments. At May term, 1874, the defendant demurred generally to the declaration as amended, and the demurrer was overruled.

At the same term the plaintiff further amended the declaration by alleging that there was a subscription list, (describing ing it and annexing a copy;) that the defendant subscribed for capital stock of the company amounting to $600 00, to be paid in such installments as should be called for by the directors; that the installments had, from time to time, been called for, and that the defendant had not paid, but had refused to pay the same.

The defendant objected to the allowance of this amendment because there was no cause of action set forth in the original declaration, and there was, therefore, nothing to amend by; and because the amendment introduced a new cause of action. The objection was overruled and the amendment allowed. This decision of the court, and the judgment overruling the demurrer to the declaration as it stood prior to making the amendment, were excepted to, and the exceptions were certified and entered *pendente lite*, under sections 4250 and 4254 of the Code.

The case was tried at May term, 1875. In accounting for the non-production of the original subscription list the plaintiff examined certain witnesses as to the loss of the paper, search therefor etc., and read to the court the affidavit of the president and the secretary of the corporation, in which they deposed that the list had been lost or mislaid, so that it could not be found; that it was not in their power, custody or control, and that they knew not where it was. The court admitted secondary evidence; and a substantial copy of the paper, proved to be such, was placed before the jury. Demand upon the defendant for his installments was shown, and his refusal to pay any but the first two. It did not appear, however, when the demand was made, whether before or after the suit was brought, or how many installments the directors had called for, or when the several calls were made, or what was the amount of each, or the aggregage amount of all.

There is no plea in the record, but the main contest at the trial seems to have been over the question whether the defendant was discharged from liability on his subscription by

reason of some disposition made, without his consent, of the company's road or of the capital stock. One of the plaintiff's witnesses, a director named among those in the declaration, testified that the road was transferred to the Atlantic and Gulf road, he thought, but was not certain—thought it was done, or agreed to be done, at the time defendant subscribed for stock. The defendant testified that he paid installments as they fell due until the company transferred their stock and road to the Atlantic and Gulf road without his consent. He had heard of the transfer, but did not, even at the trial, otherwise know of it. He refused to pay any more as he did not want stock in the latter road.

The court charged the jury that the plaintiff's charter allowed the company to connect with other railroad companies, and the transfer of the road to the Gulf Road would not release the defendant; that, if the defendant subscribed for stock as alleged, he was liable, unless some good defense was pleaded and proved; and that the transfer of the road would not relieve him if made by the proper officers and board of directors, although made without his consent.

The jury found for the plaintiff $500 00 with interest and costs. A new trial was applied for on several grounds, and granted generally. The grounds, besides the usual ones of conflict with law and evidence, were that the court erred in the above charge; in admitting the before recited affidavit of the president and secretary, and in refusing to admit evidence of the value and depreciation of the stock; that no certificate of stock or other evidence of title had been tendered to the defendant; that it was not shown that the corporation had ever been organized, or was a subsisting live company, or that it had ever received the amount of stock authorized by the charter; and that the charter did not authorize a transfer of the road to any other company; also, that the court erred at a previous term in allowing the amendment made which had been excepted to *pendente lite.*

1. There was no error in hearing the affidavit of the president and secretary touching the loss of the subscription list.

VOL. LVI. 16.

The affidavit was substantially in the terms prescribed by the rule of court, and was heard by the court as preliminary to admitting a copy of the lost instrument, and was not put as evidence before the jury.

2. In a suit to collect capital stock from a subscriber, evidence of the value of that stock or of any other stock is irrelevant; nor is it necessary to show that a certificate of stock or other evidence of ownership has been tendered : 44 *Georgia Reports*, 597 ; or that the corporation has received the amount of stock authorized by the charter ; or (in the absence of a plea in abatement) that the corporation has been organized and is still alive: 32 *Georgia Reports*, 273 ; 4 Eng. L. & Eq. R., 455. *Contra*, in tendency as to amount of stock, Redfield on Railways, section 51.

3. We think the court erred in charging the jury that a sale of the road by the corporation would not be a defense to the stockholder. No authority for selling the road has been produced to us; and if the corporation, chartered as it was to construct and carry on the business of a railroad, sold out the road and discontinued that business, it had no right to collect from unwilling subscribers their unpaid subscriptions. It will not do to say that the proceeds of the road took the place of the road itself, and that the stockholder's *pro rata* ownership in the proceeds would be supposed to be of equal value, and therefore of equal benefit to the stockholder. Stock in a railroad owned and worked by a corporation is a very different thing from the right to a share of the money which would accrue from a sale of the road. An attempt was made in the argument to uphold the judge's charge by reason of supposed authority given by the charter to incorporate the stock of this company with that of any other railroad company. But the charge was not on that subject; it related to a sale of the road, and not to incorporating the stock with that of some other company ; neither was there any evidence before the jury that the stock had been so disposed of. It will be time enough to rule on the power

claimed for the corporation in this respect when it is shown that an effort has been made to exercise it.

4. The defendant's subscription was, by its terms, payable in such installments as might be called for by the board of directors, under the provisions of the charter.  On the matter of calls, there was not enough evidence before the jury to justify the verdict.  It did not appear that all the unpaid stock had been called for, or what number of calls had been made, or the amount thereof severally, or in the aggregate. We should regard the grant of a new trial quite proper if this were the only reason for it.

5. As the case is left still pending below, to be tried again, we shall forbear to rule on the matters embraced in the defendant's exceptions entered *pendente lite.*  If they cover errors, the court below may yet correct them for itself; or the verdict of the jury may be in favor of the defendant, and leave no occasion for us to deal with them.  Besides, error has not been assigned on these exceptions, in this court, by the defendant, as the Code seems to require, section 4250. We affirm the judgment granting a new trial, and suggest that, when the case is re-tried, some effort be made to give greater certainty to the evidence, especially upon the real character and scope of the transaction between this company and the Atlantic and Gulf Railroad Company.

Judgment affirmed.