1:22 LRA 802n
25 LRA 752
31 LRA 266
31 LRA 273
36 LRA 336n

JOHN RAGLAND

*v.*

LOUISA S. McFALL.

*Filed at Mt. Vernon March 31, 1891.*

| 137 | 81 |
| 159 | 362 |
| 137 | 81 |
| 149 | 29 |
| 150 | 295 |
| 151 | 621 |
| 154 | 52 |
| 137 | 81 |
| 156 | 630 |
| 137 | 81 |
| 53a | 332 |

1. FRAUDULENT CONVEYANCE—*preference among creditors.* It is competent for a private corporation to prefer the wife of its president, who is a creditor, and turn its property over to her in payment of her debt, in the absence of any evidence of a fraudulent purpose.

2. SAME—*sale and surrender of property to a creditor—evidence—as giving character to the transaction.* In replevin of personal property levied on by a judgment creditor of a corporation, the plaintiff claimed title under a sale and surrender made by the corporation long prior to the judgment, in payment of a debt owing by the corporation to the plaintiff, and possession up to the time of the levy. To impeach this sale and transfer of possession, the defendant, the sheriff who made the levy, on the trial offered in evidence a deed of trust, made and acknowledged by the corporation in the State of Missouri and recorded in this State, to secure the plaintiff's debt, prior to the alleged purchase, and also offered to show a sale of the property by the trustee to the plaintiff, which the court refused to admit, on plaintiff's objection: *Held,* that the proposed evidence was properly rejected, as the purchase by the plaintiff was not inconsistent with a prior mortgage on the same property.

3. Where a married woman purchased all the property of a corporation of which her husband was the president, in payment and satisfaction of several large loans which she claims to have made to the corporation, and the *bona fides* of her purchase is questioned, it is competent for her to show the loan of large sums of money to her about the date of her loans to the company. Such fact, when proved, is competent to show that she was possessed of and had the control of means in her own right, entirely independent of her husband.

4. SAME—*surrender of mortgaged property to mortgagee.* The fact that a creditor may have taken a chattel mortgage to secure his debt, whether valid or not as against creditors, will not prevent him from afterward accepting from his debtor a surrender of the chattel property in full satisfaction of his debt, before any other liens have attached thereto. This may be done to obviate all question of the validity of the mortgage, or of a sale had thereunder.

5. CORPORATION—*acts of president—acquiescence—ratification.* Although the president of a private corporation, as its agent, may not,

6—137 ILL.

without authority of the board of directors, sell and transfer all of the corporate property in payment of its principal creditor, yet if the company and its stockholders remain silent, and fail to repudiate the act for several years thereafter, they will thereby affirm it.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

This case is fully stated in the following opinion of the Appellate Court, by PHILLIPS, J.:

"On December 24, 1887, appellant, as sheriff of St. Clair county, by virtue of an execution in favor of P. P. Manion, levied on certain property as the property of the River Rendering Company. Appellee brought her action of replevin to recover the property, and to her declaration appellant filed pleas of *non detinet*, property in himself, and property in the River Rendering Company. Issue was joined on those pleas, and a trial resulted in a verdict and judgment of property in appellee.

"It appears from the evidence in this record, that appellee held notes of the River Rendering Company,—one for $5500, one for $4500, one for $8860, and one for $3500,—which were made by the company for money loaned and money paid by appellee as security. The plaintiff in the replevin suit based her right to recover on evidence that in 1882, after certain of the above notes became due, the company, being unable to pay the same, surrendered to her certain property, including the property in controversy, in satisfaction and payment of her debt, and that she occupied and took possession of the same, and has remained in possession from that time (October 22, 1882,) to the time of the levy of the execution, and that such possession was held by virtue of such acceptance of said property in satisfaction of the said indebtedness. The president of the River Rendering Company was the husband of the plaintiff, and he, and the secretary of the com-

pany, were substantially the owners of all the stock of the company. The plaintiff called as a witness one Richards, to prove that she had at various times borrowed money from him, and the amount of such loans, and the date, were testified to by him. From this evidence it appears that some of these loans, in amount and date, were of about the same date and amount of certain of the loans made by the plaintiff to the River Rendering Company. This testimony was objected to by the defendant and the objection overruled, and that ruling of the court is assigned as error.

"The fact of the existence of the indebtedness, and the amount of the same, were material questions to be determined. These transactions between the plaintiff and the company, represented by its president, (her husband,) were of such a nature that it was also material to show the plaintiff was possessed of a separate estate, and had the control of large sums of money. Borrowing large sums of money from Richards on her own credit would tend to prove these facts. It was not error to overrule the objection to the introduction of the testimony of Richards. That the plaintiff, the wife of the president of the company, was possessed of a separate estate in her own right, and had the control of large sums of money, and that this indebtedness from the company to her existed, are clearly shown from the evidence in this record. Whether the property belonging to the River Rendering Company was surrendered up to the plaintiff in payment and satisfaction of this debt, and so accepted by her, and possession entered into by her on such surrender and acceptance, are material questions in determining the correctness of the verdict. Whilst on that question there is some conflict in the evidence, the clear preponderance is with the plaintiff.

"This being the theory on which plaintiff bases her claim to the property in controversy, and the evidence on which her claim is based, the defendant sought to introduce in evidence a deed of trust, made and acknowledged and recorded in the

State of Missouri, and recorded in St. Clair county, Illinois, by which this property was conveyed by the River Rendering Company to Richards, in trust, to secure the indebtedness due from the company to plaintiff prior to the maturity of the notes, and before such surrender. The existence of such a deed was shown in the cross-examination of plaintiff and Richards, and the defendant sought to introduce that deed of date April 6, 1882, in evidence, and produced and offered the same to the jury. To the introduction of this deed in evidence the plaintiff objected, which objection was sustained, to which the defendant excepted. The defendant further offered in evidence the trustee's advertisement of a sale to take place under said deed of trust, which sale was advertised to take place on the 7th day of January, 1888, and a trustee's deed made on that date by the trustee, Richards, conveying this property to the plaintiff, dated January 7, 1888,—which notice of sale and trustee's deed were produced and offered. To the introduction of this testimony the plaintiff objected, which objections were sustained by the court, and to these rulings of the court the defendant excepted, and assigns as error the exclusion of the deed of trust, notice and trustee's deed so offered.

"The property in controversy being chattel property, if it be conceded that the deed of trust acknowledged in Missouri would not create a lien on this property which would be good against the execution in the hands of the sheriff and so levied, and if it be further conceded that that deed was fraudulent on its face, yet that would not preclude the parties to that instrument from making a valid and binding contract in reference to the property, and a surrender of the property by way of sale, and a delivery of possession, to pay a subsisting debt, without actual or intended fraud, would be valid. *Stewart et al.* v. *Dunham et al.* 115 U. S. 61, is directly in point. The plaintiff having based her claim on such surrender and possession, this offer of the deed of trust by the defendant did not tend to disprove any of the testimony offered by plaintiff

to show the surrender and possession as claimed by her. Its introduction would have been misleading. It was not error to sustain the objection to that testimony.

· "It is further insisted, that the president of the company had no power to convey its entire property and assets, and that an attempt to do so would be inoperative and fraudulent. Without entering into a consideration of the power of the president of a company in this respect, it is sufficient to say, that from the evidence in this record it appears that the indebtedness from the company to the plaintiff was over $23,000, and the value of the property of the River Rendering Company, at the time of the surrender of the same to her in satisfaction of her debt, did not exceed $10,000. The stock of the company was, as appears from this evidence, substantially all held by the president and secretary and superintendent. · The plaintiff, after entering into possession, operated the factory, and that she was so operating and in possession of the factory, and claiming ownership of the same, was known to the officers and stockholders. · The superintendent entered into her employ whilst she was operating the factory, as did also the president of the company. The secretary had notice of these facts, and with that notice there was acquiescence, without objection, for more than five years. The plaintiff expended money in improvements and repairs, of which there was notice; and such stockholders or officers of the company, with such notice, so standing silently by for such a length of time, will not be heard to question the transfer on the ground of the want of power. Can this judgment creditor, who had, as appears from this evidence, the same knowledge, and who contracted with plaintiff with reference to repairs on this factory, and was paid by her individually, and who, because of the insolvency of the company, importuned her to pay his debt, occupy a different position? His judgment, as appears from this evidence, was recovered more than four years and ten months after this possession was entered into by the plaintiff.

"Under these facts it was not error to refuse the second instruction asked by defendant, which was as follows:

" 'The jury are instructed, that under the evidence in the case, McFall, as president of the company, had no right to turn over or deliver to his wife the property in question in satisfaction of her debt, and the verdict should be for defendant.'

"Which refusal to give such instruction is assigned as error. No fraud, actual or intended, is proven, and if the officers and stockholders of the company have so acted with reference to the matter that they be held bound by the transfer, the defendant nor the judgment creditors could be in a better position to deny that want of power, in the absence of fraud, actual or constructive. The instruction given for plaintiff, which is assigned as error, correctly states the law, as here discussed.

"Finding no error in the record, the judgment is affirmed."

Messrs. CAMPBELL & RYAN, for the appellant:

The trial court erred in refusing defendant's instruction concerning the power of the president to dispose of the entire property of the company. *County Bank* v. *Farmers' Loan Co.* 14 Wis. 325.

The president of a corporation has no authority to dispose of its assets, unless the power is given him by the board of directors, or may be fairly implied from the course of business. 1 Waterman on Corp. p. 443, *et seq.,* sec. 126; 1 Morawetz, (2d ed.) secs. 537, 538.

We contend that even the company, being insolvent, could not prefer one creditor to another; but clearly this power was not in the president. Morawetz, (2d ed.) sec. 803.

It is idle to say that Manion is estopped to say the transfer of sale was invalid, either for want of power in the president or because it was fraudulent. There is not here even one of the elements essential to the estoppel. Bigelow on Estoppel, 438; Herman on Estoppel, 337; *Ormsbey* v. *Johnson,* 34 Pa. St. 472.

We submit that, the corporation being insolvent when this pretended transfer was made, neither the president nor the board of directors had the power to transfer all its property to one creditor, in payment of his debt. *Beach* v. *Miller,* 130 Ill. 162.

The River Rendering Company was a Missouri corporation, and as such, being insolvent, could not prefer one creditor to another. This is the law of that State. *State* v. *Brockman,* 39 Mo. App. 131.

It was error to admit the evidence of Richards, which, as we have shown in our argument, was as to collateral facts that not only did not afford a reasonable presumption or inference as to one of the principal facts in dispute, (her loan of $22,366 to the company,) but was of such a character as tended to confuse and mislead the jury. Greenleaf on Evidence, (14th ed.) sec. 52; 1 Thompson on Trials, sec. 386.

Collateral facts are only admitted to attest the fact in controversy when they are satisfactorily proved. 1 Taylor on Evidence, (8th ed.) pp. 83, 84, secs. 63-65.

The fact that Mrs. McFall was the wife of the man who attempted to turn over the company's property to her, made it necessary for her to establish the consideration, and the fairness of the transaction, by fuller and stricter proof than would have been required had no such relation existed. Bump on Fraud. Con. (3d ed.) 59.

The deed of trust from the company to Mrs. McFall, and the deed from the trustee conveying the property to her after a sale under the deed of trust, should have been admitted in evidence, for the purpose of showing the property was held under the deed of trust. She admitted receiving them, and they were evidence confirming testimony offered by the sheriff, tending to show she received possession under the mortgage.

The sale was made under the provisions of the deed of trust, at the court house in St. Louis, on fifteen days' notice. This was in direct conflict with the law of Illinois, (Starr & Curtis'

Stat. chap. 95, sec. 14,) which provides that no sale of real estate under mortgage shall be made except in the county in which the premises are situated, and provides further for thirty days' notice, irrespective of any different notice fixed by the deed.

The deed of trust was acknowledged by the company before Thursten Dyer, who was the vice-president and director of the company, and was Mrs. McFall's attorney. An acknowledgment taken before the attorney for the grantee was insufficient, and record of such an instrument was not notice. *Wilkowski* v. *Halle*, 37 Ga. 678; *Nichols* v. *Hampton*, 46 id. 253.

The acknowledgment should have been made before a person entirely disinterested. *Hammers* v. *Dole*, 61 Ill. 307; *Darst* v. *Gale*, 83 id. 136; *Beaman* v. *Whitney*, 20 Me. 413.

Mr. GEORGE BURNETT, and Mr. GEORGE S. GROVER, for the appellee:

The instruction asked by appellant was properly refused. *Reichwald* v. *Hotel Co.* 106 Ill. 440.

A corporation may in good faith surrender its entire property to a *bona fide* creditor in part payment of an outstanding debt past due. *Stewart* v. *Dunham*, 115 U. S. 61.

The testimony of Richards was properly admitted, because respondent had previously testified that some of the money loaned by her to the River Rendering Company was borrowed by her from Richards, and his testimony was offered in corroboration of that fact. The ability of respondent to make the loan, and the fact that she had the money to loan, was a proper subject of inquiry, and there could certainly be no objection to her showing how and from whom she obtained it. The proof made was not proof of a collateral fact, as counsel seem to suppose, but was simply proof of the fact that the respondent actually had the money which she claimed to have loaned to the company,—or, in other words, it tended to show the ability of respondent to make the loan.

While respondent was the wife of the president of the company, the evidence clearly shows that she was possessed of a separate estate in her own right, and had the control of large sums of money. The indebtedness of the company to her was shown beyond all question. It also appears, from the evidence, that the indebtedness from the River Rendering Company to the respondent was over $23,000, and that the value of the property of that company, at the time of the surrender of the same to her in satisfaction of her debt, did not exceed $10,000. Such being the case, the recitals in the deed of trust, upon which respondent did not rely, and which was excluded, at her instance and request, from the jury, became wholly immaterial.

The deed of trust offered in evidence by the appellant was properly excluded. As the appellee's only claim of title was based upon the surrender of the property to her for her debt, it was wholly immaterial that she at one time had a pretended lien on the property which was not good against the execution. If the surrender of the property for her debt vested the title in respondent as against the execution, the deed of trust, although executed in accordance with the laws of Illinois, and a valid lien upon the property, would not add strength to that title. If the surrender of the property for her debt vested the title in respondent as against the execution, the fact the debt was secured by a deed of trust which was not a lien on the property, would not tend, in the slightest degree, to defeat her title.

For the same reason it is not material that the acknowledgment to the deed of trust was executed by an interested party, and was not in conformity to the laws of Illinois. The delivery of possession to respondent before the lien of the execution attached, was as effectual to protect her possession of the property as against the execution, as if it had been acknowledged in accordance with the laws of Illinois. (*Wilson* v. *Pearson,* 20 Ill. 18.) And as respondent is not claiming under the excluded mortgage, it is wholly immaterial whether that instrument was valid or not.

Nor is it pertinent to the issues here, whether the surrender of the property to respondent was in conformity to the terms of the deed of trust or not, as she does not claim under that instrument, or rest her right to possession upon any of its provisions.

Mr. CHIEF JUSTICE SCHOLFIELD' delivered the opinion of the Court:

Appellee claims title by virtue of a contract made at the time of surrendering the possession of the property to her, whereby it was agreed that it should be delivered to and accepted by her in payment of her indebtedness against the company. Since this is not inconsistent with a prior mortgage to her upon the same property, and sale thereunder, the question of the existence, in fact, of such mortgage or the making of such sale is manifestly unimportant. Such an agreement might be made, where a mortgage had been executed, to obviate all questions of its legality and of the validity of a sale under it, and it might be made where no mortgage had been executed, the only question being, was it agreed between the parties that possession of the property should be delivered and accepted in payment of appellee's indebtedness, and was it so delivered and accepted. Of course, if appellant had obtained a lien upon the property prior to its delivery to appellee, then the existence and validity of the mortgage would have to be inquired into. But it is conceded appellant's judgment was not obtained until several years after the delivery of the property to appellee, and it is not insisted that he had any lien upon it prior to the rendition of his judgment.

*Second*—We think the evidence of the loan of money to appellee was competent, as showing that she was possessed of and had the control of means in her own right, entirely independent of her husband.

*Third*—That it was competent for the corporation to prefer appellee as a creditor, and turn its property over to her in

payment of her debt, in good faith, and in the absence of any evidence of a fraudulent purpose, is settled by *Reichwald et al. v. Commercial Hotel Co.* 106 Ill. 439. But if it be said, although the delivery of this property to appellee in payment of her debt was not in excess of the power of the corporation, it was in excess of the power of the president of the company as its agent, it is sufficiently answered by the fact that the company has, by its silence and failure to repudiate this act of the president for this great length of time, affirmed and ratified it. *Hoyt* v. *Thompson's Exr.* 19 N. Y. 207; *Woodbridge* v. *Proprietors of Addison,* 6 Vt. 204; *Wood* v. *King,* 45 Ga. 34.

*Fourth*—Inasmuch as the question of the weight and effect of the evidence is not before us, there is no other point discussed in argument requiring our attention.

The judgment is affirmed.

*Judgment affirmed.*