## CATHCART *v.* CATHCART VAN AND STORAGE COMPANY.

GILBERT, J. 1. In this State the general rule is that to amend the charter of a commercial corporation, granted by the superior court, when the proposed amendments are fundamental, radical, or vital, the unanimous consent of all of the stockholders is required. *Johnson* v. *Tribune-Herald Co.*, 155 *Ga.* 204 (116 S. E. 810), and cit.

2. An exception to the foregoing rule is where the original incorporators have sought and obtained from the court, at the time of granting the charter, the power to make such amendments by less than a unanimous vote of the stockholders. Whether such power was sought and granted will be determined by the petition for charter and the judgment rendered thereon. Compare *McKemie* v. *Eady-Baker Grocery Co.*, 146 *Ga.* 753 (92 S. E. 282); *McKenzie* v. *Guaranteed Bond & Mortgage Co.*, 168 *Ga.* 145 (147 S. E. 102).

(*a*) In *McKemie* v. *Eady-Baker Grocery Co.*, supra, it was held that the charter of a commercial corporation chartered by the superior court, where the original charter granted "the privilege of renewal," could be renewed by a majority vote of the stockholders. Two Justices dissented.

(*b*) In *McKenzie* v. *Guaranteed Bond & Mortgage Co.*, supra, it was held: "The petitioner as a minority stockholder had the right to object to any vital, radical, or fundamental change in the nature or scope of the activities of the corporation." One Justice dissented on the ground that the original petition for charter and the judgment thereon provided for "amendments to this charter by a vote of the majority stock outstanding at the time." The majority of the court construed the proposed amendments to be "vital, radical, and fundamental," and that "the power and authority to apply for amendments to this charter by a majority vote" of the stockholders was not sufficiently comprehensive to provide for amendments like those sought in that case.

3. The amendment to the charter, sought in the present case, is not "vital, radical, or fundamental" as this term has been applied in the decisions cited above. The original name of the corporation was "Cathcart *Van & Storage Company*." The proposed name is "Cathcart *Allied* Storage Company." The change would merely strike out the words "Van &" and substitute the word "Allied." The name "Cathcart" is retained, and so are the words "Storage Company." There is nothing in the record which would authorize a construction that the proposed change is vital, radical, or fundamental.

4. Moreover, the original petition for charter contained the following language: "Petitioners desire for said corporation power and authority, by a vote of a majority of its outstanding stock, at any time to apply for and accept amendments to its charter, and by a similar vote to dispose of its assets and to liquidate its business, and by a similar vote to surrender its charter." The order of the court contained the following provision: "The within petition . . to form a corporation under the name of Cathcart Van & Storage Company having been filed and published as required by law, it is ordered and decreed that said petition be granted, with the privilege of renewal at the expiration of that time, and with all the rights, privileges, powers, and immunities that are usually allowed similar corporations under the laws of Georgia." This

charter was necessarily accepted by the shareholders with the above-quoted provisions. It expressly allowed a majority of the stockholders to accept amendments to its charter and to dispose of its assets; to liquidate its business and to surrender the charter. The amendments here mentioned are certainly "vital, radical, and fundamental." Under such provisions a majority of the shareholders could apply for and obtain the charter amendment proposed in the present instance.

5. The judgment was not erroneous.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*

No. 9047. JULY 16, 1932.

198

*Arnold, Arnold & Gambrell* and *Dean J. Ratliffe,* for plaintiff.
*Burress & Dillard,* for defendant.