## SMITH *v.* HEDENBERG.

No. 13085. FEBRUARY 16, 1940.

*J. Howell Green,* for plaintiff in error.

*J. A. McCurdy Jr.,* and *Mildred Kingloff,* contra.

BELL, Justice. The plaintiff sought the relief of specific performance, to require the defendant to comply with a contract for the purchase of a described tract of land. The defendant filed an

answer and a demurrer. The petition and the answer were both amended. By consent the case was tried by the judge without a jury, upon the pleadings supplemented by an agreed statement, and an affidavit which was offered in evidence by the plaintiff and was admitted over objection of the defendant. No ruling was made upon the demurrer. The judge found and decreed in favor of the plaintiff, and the defendant excepted. The defendant contended that the plaintiff was unable to furnish "good and marketable title" to the property as agreed, for the alleged reason that a security deed had been executed by a former owner to a corporation then existing under the name "Glenwood Estates Incorporated," and that this security deed appeared of record to be still outstanding and unsatisfied. The plaintiff replied by showing that the property had been reconveyed by the same corporation, though under a different name, to wit: "The Glenwood Corporation," the conveyance having been made for the purpose of "releasing said property" from the loan deed. The plaintiff introduced evidence for the purpose of showing that the charter of the corporation had been amended by changing the name to that employed in the deed of reconveyance, and that the amendment was made in pursuance of a resolution unanimously adopted by the stockholders at a time and place alleged, as to which no question was raised except that it was held in a different county in this State from that in which under the original charter its principal office was located, and it was insisted by the defendant that the amendment changing the name of the corporation was invalid for the reason that such meeting of the stockholders was not held at the principal office as fixed by the charter, and therefore that the reconveyance in the new name was ineffectual to clear the title of the security deed. Still other objections to the title were made, but were later waived. The amendment to the charter purported to make other changes besides that relating to name, and it was urged that these changes were invalid for various reasons. *Held:*

1. Whether or not the meeting of the stockholders was held at the proper place, the resolution authorizing a change in name of the corporation having been adopted at a meeting at which all of the stockholders were present, and having been concurred in by all of them, the amendment to the charter so changing the name would as to that question be conclusive both upon the stockholders and

the corporation; and for this reason, regardless of collateral attack or other question, it was not subject to objection by the defendant upon the ground that the meeting was not held in the county in which the original charter was obtained and in which the principal office of the corporation was located. See *Wood* v. *Coosa & Chattooga Railroad Co.*, 32 *Ga.* 273 (3); *Wood Hydraulic Hose Mining Co.* v. *King*, 45 *Ga.* 34; *South Georgia & Florida Railroad Co.* v. *Ayres*, 56 *Ga.* 230 (2); *City of Atlanta* v. *Gate City Gas Co.*, 71 *Ga.* 106, 121; *Jossey* v. *Georgia & Alabama Railway Co.*, 102 *Ga.* 706 (28 S. E. 273); *Rogers* v. *Toccoa Power Co.*, 161 *Ga.* 524 (2) (131 S. E. 517, 44 A. L. R. 534); *Rogers* v. *Toccoa Electric Power Co.*, 163 *Ga.* 919 (137 S. E. 272); *Huey* v. *National Bank of Fitzgerald*, 177 *Ga.* 64 (3) (169 S. E. 491); *Mathews* v. *Fort Valley Cotton Mills*, 179 *Ga.* 580, 587 (176 S. E. 505); *Cason* v. *State*, 16 *Ga. App.* 820 (8) (86 S. E. 644); Jones *v.* Dodge, 97 Ark. 248 (133 S. W. 828, L. R. A. 1915A, 472); Kearneysville Creamery Co. *v.* American Creamery Co., 103 W. Va. 259 (137 S. E. 217, 51 A. L. R. 938); Handley *v.* Stutz, 139 U. S. 417 (11 Sup. Ct. 530, 35 L. ed. 227); 13 Am. Jur. 517, § 474; 18 C. J. S. 1224, § 541.

2.  Moreover, it appeared without dispute that the corporation which executed the reconveyance as a "release" of the security deed was the identical corporation which as grantee had held the security deed, and for this reason the deed so executed as a reconveyance was a lawful and binding act of the corporation, effectual for the purpose intended, regardless of the difference in name. *Rogers* v. *State*, 90 *Ga.* 463, 465 (16 S. E. 205); *Clark* v. *Wyche*, 126 *Ga.* 24 (54 S. E. 909); *Allen* v. *People's Bank of Talbotton*, 133 *Ga.* 150 (65 S. E. 379); *Rome Machine & Foundry Co.* v. *Davis Foundry & Machine Works*, 135 *Ga.* 17 (3) (68 S. E. 800); *Eslinger* v. *Herndon*, 158 *Ga.* 823 (124 S. E. 169, 900); *Cathcart* v. *Cathcart Van & Storage Co.*, 175 *Ga.* 196 (3) (165 S. E. 58); *Executive Committee of Baptist Convention* v. *Smith*, 175 *Ga.* 543 (165 S. E. 573); *McCollum* v. *Loveless*, 185 *Ga.* 748 (4) (196 S. E. 430); *McClain* v. *Georgian Co.*, 17 *Ga. App.* 648 (3) (87 S. E. 1090); *Johnson-Battle Lumber Co.* v. *Emanuel Lumber Co.*, 33 *Ga. App.* 517 (126 S E. 861); *Golden's Foundry & Machine Co.* v. *Wight*, 35 *Ga. App.* 85 (132 S. E. 138); *United States Fidelity & Guaranty Co.* v. *Newton*, 37 *Ga. App.* 70 (139 S. E. 365); Pilsen Brewing Co. *v.* Wallace, 291 Ill. 59 (125 N. E. 714, 8 A. L. R.

579) ; Brotherhood State Bank of Spokane *v.* Simpson, 145 Wash. 214 (259 Pac. 391, 56 A. L. R. 447) ; 14 C. J. 323, 324, §§ 387-389 ; 18 C. J. S. 560-573, §§ 164-172.

3. Whether or not the amendment to the charter was valid as to other matters stated therein, the transaction under consideration was in no way affected thereby, and the defendant can not complain. *Brown* v. *Atlanta Railway & Power Co.,* 113 *Ga.* 462 (5) (39 S. E. 71).

4. The affidavit, which was admitted over the objection that it was irrelevant and immaterial, showed the existence of a by-law providing for annual meetings of the stockholders at the principal office in a designated city, "or elsewhere if more convenient and a quorum can attend," but not otherwise limiting or prescribing the place of such meetings. *Held,* that, regardless of the relevancy or materiality of the affidavit, in view of the other facts of the case its admission in evidence is not cause for a reversal.

5. Under the pleadings and the evidence the defendant's contention as to defect in title was not sustained, and the court did not err in rendering judgment in favor of the plaintiff requiring specific performance.      *Judgment affirmed.   All the Justices concur.*